**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2377-23

DAVID LANDE,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted April 8, 2025 – Decided May 29, 2025

Before Judges Gilson and Firko.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx1371.

David Lande, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Yi Zhu, Deputy Attorney General, on the brief).

PER CURIAM

David Lande (Lande) appeals from a final administrative determination by the Board of Trustees of the Public Employees' Retirement System (the Board). Lande had applied to purchase thirty-six months of service credits based on his prior military service. The Board denied Lande's application holding that the statute governing the Workers' Compensation Judges Part of the Public Employees' Retirement System (PERS-WCJ), N.J.S.A 43:15A-142 to -154, does not allow for the purchase of service credits for military service. Because the Board's interpretation of the governing statute is correct, we affirm.

I.

On June 5, 2021, following his appointment as a workers' compensation judge, Lande enrolled in PERS-WCJ. On April 29, 2022, Lande applied to purchase thirty-six months of service credits based on his military service from July 7, 1991 through July 6, 1994. Lande sought to have those three years of service credited to his PERS-WCJ pension account.

On May 26, 2022, the Department of Treasury, Division of Pensions and Benefits (the Division) denied Lande's request, reasoning that N.J.S.A. 43:15A-152(a) does not authorize the purchase of service credits based on military service. Lande administratively appealed the Division's denial to the Board.

On October 18, 2023, the Board affirmed the Division's denial. Lande further appealed on December 6, 2023. Thereafter, on February 22, 2024, the Board issued its final administrative determination, which denied Lande's request to purchase service credits based on his military service.

The Board found that there were no disputed issues of fact, and the question presented was purely an issue of statutory interpretation. The Board pointed out that the purchase of service credits for a workers' compensation judge is governed by N.J.S.A. 43:15A-152(a). The Board then held that N.J.S.A. 43:15A-152(a) allows for workers' compensation judges to purchase credits for two types of prior service: (1) previous service as a workers' compensation judge; and (2) previous service "in an office, position, or employment of this State or of a county, municipality, board of education, or public agency of this State." The Board therefore concluded that because prior military service was not listed in the governing statute, Lande was not entitled to receive service credits for his military service.

Lande now appeals from the Board's final administrative determination.

II.

On appeal, Lande makes two arguments. He contends that the Board's determination (1) was arbitrary, capricious, and unreasonable because the Board

misinterpreted the law and based its decision on the wrong statute; and (2) was incorrect because pension laws are remedial legislation and should be construed in favor of the intended beneficiaries.

An appellate court's review of an administrative agency's final decision is limited. Seago v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 257 N.J. 381, 391 (2024) (citing Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)). An agency's decision will not be reversed unless "(1) it was arbitrary, capricious, or unreasonable; (2) it violated express or implied legislative policies; (3) it offended the State or Federal Constitution; or (4) the findings on which it was based were not supported by substantial, credible evidence in the record." Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Env't Prot., 191 N.J. 38, 48 (2007) (citing In re Taylor, 158 N.J. 644, 656 (1999)).

Moreover, courts generally "afford substantial deference to an agency's interpretation of a statute that it is charged with enforcing." Ibid. (citing R & R Mktg., L.L.C. v. Brown-Forman Corp., 158 N.J. 170, 175 (1999)). An appellate court, however, is not "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Id. at 48-49 (quoting Taylor, 158 N.J. at 658) (internal quotation marks omitted). So, "no deference is required when 'an

agency's statutory interpretation is contrary to the statutory language, or if the agency's interpretation undermines the Legislature's intent.'" In re Proposed Constr. of Compressor Station, 476 N.J. Super. 556, 565-66 (App. Div. 2023) (quoting N.J. Tpk. Auth. v. Am. Fed'n of State, Cnty. & Mun. Emps., Council 73, 150 N.J. 331, 351 (1997)).

A.    The Governing Statute.

The issue on this appeal is one of statutory interpretation. The Board correctly held that the Legislature has created a separate part of the Public Employees' Retirement System (PERS), that is, PERS-WCJ, to govern pensions for workers' compensation judges, and PERS-WCJ is governed by L. 2001, c. 259 (Chapter 259) (codified at N.J.S.A 43:15A-142 to -154). The Board also correctly held that the purchase of service credits in PERS-WCJ is governed by N.J.S.A. 43:15A-152(a). That statute states, in relevant part:

> Any workers compensation judge who wishes to receive credit for previous service as a judge of compensation or in an office, position, or employment of this State or of a county, municipality, board of education, or public agency of this State, shall file an application therefor with the board of trustees and pay into the annuity savings fund the amount required by applying the factor, supplied by the actuary, as being applicable to the judge's age at the time of purchase and the type of service to be purchased, to the member's salary at that time. Such purchase may be made in regular installments, equal to at least one-half the full

normal contribution to the retirement system over a maximum period to be determined by the board of trustees.

[N.J.S.A. 43:15A-152(a).]

In interpreting a statute, the "aim is 'to effectuate the Legislature's intent.'" Sanjuan v. Sch. Dist. of W. N.Y., 256 N.J. 369, 378 (2024) (quoting W.S. v. Hildreth, 252 N.J. 506, 518-19 (2023)). "The best evidence of such intent 'is the statutory language,' read in accordance with its 'ordinary meaning and significance . . . .'" Ibid. (first quoting State v. Lane, 251 N.J. 84, 94 (2022); and then quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)).

The plain meaning of N.J.S.A. 43:15A-152(a) is clear: workers' compensation judges can get service credit for two types of prior service (1) as a compensation judge; and (2) for work "in an office, position, or employment of this State or of a county, municipality, board of education, or public agency of this State." N.J.S.A. 43:15A-152(a). The statute does not authorize credit for prior military service. Ibid.

Lande relies on N.J.S.A. 43:15A-73.1. That provision allows members of PERS to purchase service credits, including credits based on "military service in the Armed Forces of the United States." N.J.S.A. 43:15A-73.1. As the Board correctly reasoned, however, workers' compensation judges have their own

separate part of PERS.  See Chapter 259.  As was just discussed, Chapter 259 has an express provision stating what types of prior service will be credited to a member of PERS-WCJ.  See N.J.S.A. 43:15A-152(a).

Like the Board, we reject Lande's argument that a denial of his request to purchase military service credits deprives him of benefits available to regular PERS members.  In enacting Chapter 259, the Legislature stated that workers' compensation judges would enjoy the same benefits as other PERS members "except as provided by [Chapter 259]."  N.J.S.A. 43:15A-143(a).  It is a well-established principle of statutory interpretation that a specific provision of a statute controls over a general provision.  State v. Gomes, 253 N.J. 6, 28 (2023) (explaining that "a more specific statutory provision usually controls over a more general one" (citing N.J. Transit Corp. v. Borough of Somerville, 139 N.J. 582, 591 (1995))); Burnett v. Cnty. of Bergen, 198 N.J. 408, 424-25 (2009) (stating that "specific language in a statute takes precedence over more general language" (citing Wilson v. Unsatisfied Claim & Judgment Fund Bd., 109 N.J. 271, 278 (1988))).  Therefore, N.J.S.A. 43:15A-152(a) controls and N.J.S.A. 43:15A-73.1 is not applicable to Lande.

In summary, the Board applied the correct statutory provision in denying Lande's request. Moreover, having reviewed the plain language of N.J.S.A. 43:15A-152(a), we agree with the Board's interpretation.

B.    The Remedial Nature of Pension Laws.

Lande also contends that he should benefit from the liberal administration of pension laws, which are generally interpreted to favor providing benefits to members. See Geller v. Dep't of Treasury, 53 N.J. 591, 597-98 (1969) (holding that "statutes creating pensions should be liberally construed and administered in favor of the persons intended to be benefited thereby").

We reject Lande's argument because he is attempting to misapply that principle. While it is generally recognized that pension laws should be construed liberally, it is also recognized that pension laws "must be carefully interpreted so as not to 'obscure or override considerations of . . . a potential adverse impact on the financial integrity of the [f]und.'" Smith v. State, Dep't of Treasury, 390 N.J. Super. 209, 213 (App. Div. 2007) (alteration in original) (quoting Chaleff v. Tchrs.' Pension & Annuity Fund Trs., 188 N.J. Super. 194, 197 (App. Div. 1983), certif. denied, 94 N.J. 573 (1983)). "An inappropriate allowance of benefits tends 'to place a greater strain on the financial integrity of the fund in question and its future availability for those persons who are truly

8

eligible for such benefits.'" Cardinale v. Bd. of Trs., Police & Firemen's Ret. Sys., 458 N.J. Super. 260, 272 (App. Div. 2019) (quoting Francois v. Bd. of Trs., Pub. Emps.' Ret. Sys., 415 N.J. Super. 335, 350 (App. Div. 2010)) (internal quotation marks omitted).

In denying Lande's request for military service credits, the Board did not act arbitrarily, capriciously, or unreasonably. Instead, it correctly applied the governing statutory provision. Moreover, in doing so it acted well within its authority as a fiduciary to protect the financial integrity of PERS-WCJ.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-2377-23